O

# United States District Court
# Central District of California

| | |
|---|---|
| JT LEGAL GROUP, APC, et al., <br> Plaintiff, <br> v. <br> KASHANI LAW, P.C. et al., <br> Defendants. | Case No. 2:19-cv-10361-ODW (PLAx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [9]** |

## I.  INTRODUCTION

On December 19, 2019, Defendants Kashani Law, P.C. and Fernando Vega moved to dismiss all claims against them brought by Plaintiff Akop Jack Ter-saakyan ("Motion"). (*See* Mot. to Dismiss ("Mot."), ECF No. 9.) Plaintiffs Ter-saakyan and JT Legal Group, APC ("collectively, "Plaintiffs") did not oppose the motion. For the reasons that follow, the Court **GRANTS** Defendants' Motion.[1]

## II.  BACKGROUND

Akop Jack Ter-Saakyan, an attorney, is the founder and majority owner of JT Legal Group, APC ("JT Legal"). (*See* Notice of Removal Ex. A ("Compl.") ¶¶ 5–6, ECF No. 1.)  Payton Kashani, founder of Kashani Law, P.C. ("Kashani Law"),

---

[1] After carefully considering the papers filed in connection with the motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

employs Fernando Vega and Susan Ibeth Zamora Tinti ("Zamora Tinti"). (Compl. ¶¶ 16–17.)

JT Legal uses software known as Google Voice (the "Software") to communicate with its clients. (Compl. ¶¶ 24–25.) These communications are monitored by case managers and used to develop JT Legal's prelitigation strategy for their respective clients. (Compl. ¶ 25.) Moreover, the Software contains privileged and confidential information, such as the identities of its clients and details regarding their cases. (Compl. ¶ 26.) Each case manager accesses the Software using a unique username and password, which is changed immediately once the case manager's employment ends. (Compl. ¶¶ 33–34.)

Vega worked for JT Legal from January 21 to September 11, 2019, and during his role as a case manager he had access to the Software. (Compl. ¶ 7.) Similarly, Zamora Tinti worked for JT Legal from February 11 to November 15, 2019, and during her time as a case manager she had access to the Software. (Compl. ¶ 11.) Plaintiffs allege that when Vega's employment ended, before JT Legal could change Vega's password, Vega changed it himself, granting him continued access to information contained on the Software. (Compl. ¶ 38.) Plaintiffs further allege that Vega "downloaded confidential, proprietary client information after his employment terminated and without authorization." (Compl. ¶ 39.) Zamora Tinti was terminated on November 15, 2019. (Compl. ¶ 11.)

Vega and Zamora Tinti are presently case managers for Kashani Law. (Compl. ¶¶ 9, 13.) Plaintiffs allege that Vega is using the data from the Software to solicit JT Legal's clients for Kashani Law, resulting in the loss of clients. (Compl. ¶¶ 39–40.) Plaintiffs further allege that Zamora Tinti and Kashani "conspired with and aided and abetted" Vega in misappropriating JT Legal's privileged information. (Compl. ¶¶ 13, 16.)

On December 3, 2019, Plaintiffs initiated this action against Defendants Kashani, Vega, Zamora Tinti, and Kashani Law. (*See* Compl.) Plaintiffs assert six

claims against all defendants: (1) misappropriation of trade secrets; (2) unfair competition; (3) intentional interference with prospective economic advantage; (4) intentional interference with contractual relations; (5) trespass against chattels; and (6) violation of the Stored Communications Act. (Compl. at 10–17.[2])

On December 19, 2019, Defendants Kashani Law and Fernando Vega ("Defendants") moved to dismiss all claims brought by Plaintiff Akop Jack Ter-saakyan on the grounds that Ter-saakyan improperly brings shareholder derivative claims in an individual capacity. (*See* Mot. 1.) Plaintiffs did not oppose and the Court took the motion under submission.

Subsequently, on January 22, 2020, Defendants Zamora Tinti and Kashani moved to dismiss Plaintiffs' claims for failure to state a claim. (Mot. to Dismiss ("Second MTD"), ECF No. 13.) Plaintiffs opposed this motion and Defendants filed a reply. (*See* Opp'n to Second MTD, ECF No. 18; Reply in Supp. of Second MTD, ECF No. 19.)

### III.   PLAINTIFF'S FAILURE TO OPPOSE WARRANTS DISMISSAL

Defendants Kashani Law and Fernando Vega noticed a hearing for the instant Motion on January 27, 2020. (*See* Mot.) Thus, pursuant to Local Rule 7-9, Plaintiffs' opposition was due no later than January 6, 2020. *See* C.D. Cal. L.R. 7-9 (requiring oppositions to be filed no later than twenty-one days before the motion hearing). To date, Plaintiffs' have not opposed this Motion. Furthermore, Plaintiffs' opposition to Defendant Kashani's and Zamora Tinti's subsequent motion to dismiss does not address the instant Motion and, therefore, cannot be construed as an attempt to oppose this Motion. (*See* Opp'n to Second MTD.)

Central District of California Local Rule 7-12 provides that "[t]he failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12; *Ghazali v.*

---

[2] Plaintiffs' causes of action pleaded in their complaint do not match the complaint's caption. The Court lists the causes of action as pleaded.

*Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Defendants move to dismiss all claims by Plaintiff Ter-Saakyan. (*See* Mot.) Prior to dismissing a Plaintiff's action pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion, had "ample opportunity to respond," yet failed to do so. *See Ghazali*, 46 F.3d at 54.

Here, Plaintiffs received notice of the motion and had ample opportunity to respond; however, Plaintiffs failed to oppose or otherwise respond. Plaintiffs are represented by counsel in this matter and their attorney is a registered CM/ECF user who receives notice of electronic filings in this action. Further, parties met and conferred regarding Defendants' perceived deficiencies in the complaint. Thus, Plaintiffs had notice of the Motion. In contrast to the instant Motion, Plaintiffs opposed Defendant Kashani's and Zamora Tinti's motion to dismiss. (Opp'n to Second MTD.) In that opposition, Plaintiffs acknowledge that Defendants met and conferred with them regarding the instant Motion, but offer no excuse for failing to oppose. (Opp'n to Second MTD 1–2.) As such, the Court construes Plaintiffs' failure to respond to Defendants' Motion as consent to the Court granting it.

## IV. CONCLUSION

Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Defendants' Motion. (ECF No. 9.)

**IT IS SO ORDERED.**

March 31, 2020

_____
 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**