O

# United States District Court
# Central District of California

| | |
|---|---|
| JT LEGAL GROUP, APC, et al.,<br><br>              Plaintiff,<br><br>       v.<br><br>FERNANDO VEGA, et al.,<br><br>              Defendants. | Case No. 2:19-cv-10361-ODW (PLAx)<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS [13]** |

## I.    INTRODUCTION

Defendants Payton Kashani and Susan Ibeth Zamora Tinti move to dismiss all claims against them ("Motion").  (Mot. to Dismiss ("Mot."), ECF No. 13.)  For the reasons discussed below, the Court **GRANTS** the Motion with leave to amend.[1]

## II.    BACKGROUND

Akop Jack Ter-Saakyan, an attorney, is the founder and majority owner of JT Legal Group, APC ("JT Legal") (Ter-Saakyan and JT Legal are collectively "Plaintiffs").   (*See* Notice of Removal Ex. A ("Compl.") ¶¶ 5–6, ECF No. 1.) Kashani, founder of Kashani Law, P.C. ("Kashani Law"), employs Fernando Vega and Zamora Tinti.  (Compl. ¶¶ 16–17.)

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

JT Legal uses software known as Google Voice (the "Software") to communicate with its clients. (Compl. ¶¶ 24–25.) These communications are monitored by case managers and used to develop JT Legal's prelitigation strategy for their clients. (Compl. ¶ 25.) Moreover, the Software contains privileged and confidential information, such as the identities of its clients and details regarding their cases. (Compl. ¶ 26.) Each case manager accesses the Software using a unique username and password, which is changed immediately once the case manager's employment ends. (Compl. ¶¶ 33–34.)

Vega worked for JT Legal from January 21 to September 11, 2019, and during his role as a case manager he had access to the Software. (Compl. ¶ 7.) Similarly, Zamora Tinti worked for JT Legal from February 11 to November 15, 2019, and during her time as a case manager she had access to the Software. (Compl. ¶ 11.) Plaintiffs allege that when Vega's employment ended, before JT Legal could change Vega's password, Vega changed it himself to gain continued access to information contained on the Software. (Compl. ¶ 38.) Plaintiffs further allege that Vega "downloaded confidential, proprietary client information after his employment terminated and without authorization." (Compl. ¶ 39.)

Vega and Zamora Tinti are presently case managers for Kashani Law. (Compl. ¶¶ 9, 13.) Plaintiffs allege that Vega is using the data from the Software to solicit its clients for Kashani Law, resulting in JT Legal's loss of clients. (Compl. ¶¶ 39–40.) Plaintiffs further allege that Zamora Tinti and Kashani "conspired with and aided and abetted" Vega in misappropriating JT Legal's privileged information. (Compl. ¶¶ 13, 16.)

On December 3, 2019, Plaintiffs initiated this action against Defendants Kashani, Vega, Zamora Tinti, and Kashani Law. (*See* Compl.) Plaintiffs assert six claims against all Defendants: (1) misappropriation of trade secrets; (2) unfair competition; (3) intentional interference with prospective economic advantage;

1  (4) intentional interference with contractual relations; (5) trespass against chattels; and

2  (6) violation of the Stored Communications Act.  (Compl. at 10–17.[2])

3      Defendants Kashani Law and Vega previously moved to dismiss Ter-saakyan's

4  claims against them.  (Mot. to Dismiss, ECF No. 9.)  Defendants Zamora Tinti and

5  Kashani also moved to dismiss JT Legal's and Ter-saakyan's claims.  (*See* Mot., ECF

6  No. 13.)  In addition to the arguments discussed below, Zamora Tinti and Kashani

7  joined Kashani Law and Vega's prior motion seeking dismissal of Ter-saakyan's

8  claims.  (Mot. 10–11.)  On March 31, 2020, the Court granted dismissal of

9  Ter-saakyan's claims against all Defendants.  (Order Granting Mot. to Dismiss, ECF

10  No. 21.)  As such, only JT Legal's claims against all Defendants remain at issue in

11  this action.  Accordingly, the Court addresses only Defendants Zamora Tinti and

12  Kashani's arguments for dismissal of JT Legal's claims against them.  (*See* Mot. 1.)

13  ### III.   LEGAL STANDARD

14      Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a defendant may

15  move to dismiss "based on the lack of a cognizable legal theory or the absence of

16  sufficient facts alleged under a cognizable legal theory."  *Godecke v. Kinetic*

17  *Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019); Fed. R. Civ. P. 12(b)(6).  To

18  survive a dismissal motion, a complaint need only satisfy the minimal notice pleading

19  requirements of Rule 8(a).  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  That

20  is, the complaint must "contain sufficient factual matter, accepted as true, to state a

21  claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

22  (2009) (internal quotation marks omitted).  The factual "allegations must be enough to

23  raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550

24  U.S. 544, 555 (2007).

25      Determining whether a complaint satisfies the notice pleading standard is a

26  "context-specific task that requires the reviewing court to draw on its judicial

27

28  [2] Plaintiffs' causes of action pleaded in their Complaint do not match the Complaint's caption.  The Court lists the causes of action as pleaded.

experience and common sense." *Iqbal*, 556 U.S. at 679.  Generally, a court may "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  Furthermore, the court must construe the complaint in the light most favorable to the plaintiff and accept all allegations of material fact as true.  *AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 695 (9th Cir. 1999).  Yet, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

As a general rule, a court should freely give leave to amend a complaint that has been dismissed.  Fed. R. Civ. P. 15(a).  However, a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986).

## IV.  DISCUSSION

Kashani and Zamora Tinti move to dismiss JT Legal's claims for failure to allege sufficient facts to state a claim against them.  (Mot. 1.)  JT Legal alleges that Kashani owns and operates Kashani Law, a law firm based in Century City.  (Compl. ¶¶ 16–17.)   JT Legal further alleges that Zamora Tinti is currently employed by Kashani Law.  (Compl. ¶ 13.)  Beyond these identifying allegations, JT Legal fails to allege specific conduct by Kashani or Zamora Tinti.   Rather, JT Legal relies exclusively on theories of secondary liability and alleges that: (1) Kashani Law is the alter ego of Kashani; and (2) Kashani and Zamora Tinti conspired with and aided and abetted Vega in misappropriating Plaintiffs' trade secrets and other privileged information.  (Compl. ¶¶ 13, 16–17.)  Accordingly, the Court examines whether JT Legal has sufficiently alleged facts supporting these theories so as to hold Kashani and

Zamora Tinti liable for the conduct of Kashani Law and Vega.

**A.    Alter-Ego**

JT Legal alleges that Kashani is merely the alter ego of Kashani Law and therefore, should be held liable for Kashani Law's conduct.  (Compl. ¶¶ 16–17.)  To allege an alter ego theory, a plaintiff must first allege "such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist."  *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015).  "Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone."  *Id*.  Moreover, "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim.  Rather, a plaintiff must allege specific facts supporting both of the necessary elements."  *Id.*

In *Gerritsen*, the court listed a number of non-exclusive factors a plaintiff may allege to satisfy the unity of interest prong of an alter-ego claim.  *Id*. at 1137.  Such factors include the "commingling of funds and other assets" between entities; the individual being "personally liable for the debts of the corporation"; and the "use of one entity as a mere shell or conduit for the affairs of the other."  *Id*.  However, JT Legal fails to address any of these factors.  In fact, JT alleges only that "Kashani Law is a mere instrumentality or 'alter ego' of Kashani."  (Compl. ¶ 15.)  Without more, JT Legal fails to allege the specific facts necessary to raise the unity of interest prong of an alter ego claim.  *See Cree, Inc. v. Tarr Inc*., No. 17-cv-00506-GPC (NLS), 2017 WL 3219974, at *8 (S.D. Cal. July 28, 2017) (denying defendant's 12(b)(6) motion in part because plaintiff failed to allege sufficient facts to satisfy either prong of an alter ego claim); *see also Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004) ("The mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law.") Therefore, JT Legal has not sufficiently pleaded an alter ego claim.

1    **B.    Civil Conspiracy and Aiding and Abetting**

2          JT Legal also argues that Kashani and Zamora Tinti aided and abetted or

3    conspired with Kashani Law and Vega.  (*See* Compl. ¶¶ 13, 16.)  As a general matter,

4    civil conspiracy "is not a cause of action, but a legal doctrine that imposes liability on

5    persons who, although not actually committing a tort themselves, share with the

6    immediate tortfeasors a common plan or design in its perpetration."  *Fireworks Lady*

7    *& Co., LLC v. Firstrans Int'l Co*., No. CV 18-10776-CJC (MRWx), 2019 WL

8    6448943, at *5 (C.D. Cal. Aug. 8, 2019) (quoting *Applied Equip. Corp. v. Litton Saudi*

9    *Arabia Ltd*., 7 Cal. 4th 503, 510–11 (1994)).  The elements for civil conspiracy are

10   "(a) an agreement among the alleged conspirators to commit a tortious act (formation

11   and operation of the conspiracy); (b) the tortious act(s) committed pursuant to the

12   agreement; and (c) resulting damage to the Plaintiffs."  *W. Air Charter, Inc. v. Sojitz*

13   *Corp*., No. CV 18-7361-JGB (KSx), 2019 WL 4509304, at *11 (C.D. Cal. May 2,

14   2019).  Additionally, "[d]efendants must have actual knowledge a tort is planned,

15   know of its unlawful purpose, concur in the scheme, and intend to aid in the tort's

16   commission."  *McNeil v. Home Budget Loans*, No. 09-cv-7588-ODW (AJWx), 2010

17   WL 1999580 at *5 (C.D. Cal. May 13, 2010).

18         A claim for aiding and abetting may be supported by allegations that the

19   defendant acted in one of two ways.  First, a plaintiff may allege that the defendant

20   "(a) knows the other's conduct constitutes a breach of duty and gives substantial

21   assistance or encouragement to the other to so act . . . ."  *Hiossen, Inc. v. Kim*, No. CV

22   16-01579-SJO (MRWx), 2016 WL 10987365, at *17 (C.D. Cal. Aug. 17, 2016)

23   (quoting *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 846 (1994)).

24   Alternatively, a plaintiff may allege that the defendant "(b) gives substantial assistance

25   to the other in accomplishing a tortious result and the person's own conduct,

26   separately considered, constitutes a breach of duty to the third person."  *Id*.  Moreover,

27   aiding and abetting liability requires a finding of actual knowledge.  *In re First All.*

28   *Mortg. Co*., 471 F.3d 977, 993 (9th Cir. 2006).

Here, aside from the conclusory statements that Kashani and Zamora Tinti conspired with and aided and abetted Vega in misappropriating its trade secrets, JT Legal fails to allege any facts consistent with the elements of either theory. (Compl. ¶¶ 13, 16.) For one, there are no allegations that either Kashani or Zamora Tinti had actual knowledge of Vega's conduct, a necessary element for both civil conspiracy and aiding and abetting claims. Moreover, JT Legal does not allege that Kashani or Zamora Tinti agreed with Vega to carry out his alleged misconduct. *See McNeil*, 2010 WL 1999580, at *6 (dismissing civil conspiracy claim because plaintiff failed to allege any facts to support civil conspiracy claim). Likewise, JT Legal's complaint lacks any allegations that Kashani or Zamora Tinti substantially assisted Vega in his alleged misconduct. *See Roe v. Rialto Unified Sch. Dist.*, No. EDCV 19-863-JGB (SPx), 2019 WL 6520048, at *5 (C.D. Cal. Aug. 22, 2019) (dismissing aiding and abetting claim because the plaintiff failed to provide any factual allegations to support legal conclusion that defendant "aided and abetted" alleged misconduct). Accordingly, the Court finds JT Legal's allegations insufficient as to Kashani and Zamora Tinti to support either civil conspiracy or aiding and abetting.

JT Legal fails to allege sufficient facts to support secondary liability under alter ego, civil conspiracy, or aiding and abetting theories. As such, the Court **DISMISSES** JT Legal's complaint as to Kashani and Zamora Tinti. As JT Legal may be able to cure these deficiencies with allegations of additional conduct, dismissal is with leave to amend.

# V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion to dismiss JT Legal's claims against Kashani and Zamora Tinti with leave to amend.  (ECF No. 13.) JT Legal may amend as stated above by April 28, 2020.  Should JT Legal fail to amend, Defendants Zamora Tinti and Kashani shall be dismissed with prejudice.

Defendants Kashani Law and Vega shall answer JT Legal's amended complaint, if filed, within fourteen days of the date of its filing.  Should JT Legal not file an amended complaint by April 28, 2020, Kashani Law and Vega shall answer the operative complaint by May 12, 2020.

**IT IS SO ORDERED.**

April 15, 2020

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**