# United States District Court
# Central District of California

| | |
|---|---|
| JT LEGAL GROUP, APC, <br><br> Plaintiff, <br><br> v. <br><br> KASHANI LAW, P.C., et al., <br><br> Defendants. | Case No. 2:19-cv-10361-ODW (PLAx) <br><br> **ORDER GRANTING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND REMANDING ACTION [49][52]** |

## I.  INTRODUCTION

Plaintiff JT Legal Group, APC, initiated this action against its "competitor" Payton Kashani; his law firm Kashani Law, P.C.; and JT Legal's former employees Fernando Vega and Susan Ibeth Zamora Tinti (collectively, "Defendants"). (First Am. Compl. ("FAC"), ECF No. 23.) JT Legal claims that Vega and Tinti left the law firm and, before their departure, they stole client lists, files, and other materials for Kashani's benefit. Before the Court are Defendants' Motions for Summary Judgment on all claims. (Kashani & Tinti MSJ ("TMSJ"), ECF No. 49; Kashani Law & Vega MSJ ("VMSJ"), ECF No. 52.) For the reasons that follow, the Court **GRANTS in part** Defendants' Motions and **REMANDS** this action to state court.[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Vega worked at JT Legal from January 21, 2019, to September 11, 2019. (VSUF 3.) Prior to his employment at JT Legal, Vega possessed Jessica Ferrer's contact information. (VSUF 4.) In May 2019, Vega learned that Ferrer and her friend, Samantha Dias, were in a car accident. (VSUF 5.) Both Ferrer and Dias retained JT Legal as their legal representative after speaking with Vega. (VSUF 6.) Vega managed Ferrer's and Dias's cases until he left JT Legal to go work for Kashani Law. (VSUF 7, 14.) After Vega left JT Legal, Ferrer and Dias dropped JT Legal as their counsel and retained Kashani Law. (*See* TSUF 1; VSUF 1.) JT Legal claims that Ferrer and Dias went to Kashani Law because Defendants misappropriated its lists of clients and their files. (TSUF 2; VSUF 2.)

On December 3, 2019, JT Legal initiated this action in the Superior Court of California, County of Los Angeles; Defendants removed to this Court. (Notice of Removal ("NOR"), ECF No. 1.) JT Legal asserts claims against Vega, Tinti (another former employee), Kashani, and Kashani Law for: (1) misappropriation of trade secrets; (2) unfair competition; (3) intentional interference with prospective economic advantage; (4) intentional interference with contractual relations; (5) trespass against chattels; and (6) violation of the Stored Communications Act. (*See* FAC.) Defendants move for summary judgment on all claims; JT Legal does not oppose Kashani and Tinti's MSJ. (*See* Notice of Pl.'s Failure to Oppose, ECF No. 50.) JT Legal does oppose Kashani Law and Vega's MSJ, which is fully briefed. (*See* Opp'n, ECF No. 53; Reply, ECF No. 59.)

---

[2] JT Legal did not oppose Kashani and Tinti's MSJ and failed to file a Statement of Genuine Disputes in response to Vega and Kashani Law's MSJ as required by Local Rule 56-2. As a result, the Court may deem all of Defendants' undisputed facts uncontroverted if they are supported by admissible evidence. *See Werner v. Evolve Media, LLC*, No. 2:18-cv-7188-VAP (SKx), 2020 WL 3213808, at *1 (C.D. Cal. Apr. 28, 2020); C.D. Cal. L.R. 56-3. Defendants filed a Statement of Uncontroverted Facts and support their facts with admissible evidence. (*See* Kashani & Tinti SUF ("TSUF"), ECF No. 49-1; Vega & Kashani Law SUF ("VSUF"), ECF No. 52-1.) Therefore, the Court takes Defendants' facts as uncontroverted.

### III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The Court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that sets out

"the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

## IV. DISCUSSION

As the determination of JT Legal's sole federal law claim (violation of the Stored Communications Act) is dispositive, the Court first addresses this claim.

### A. Violation of the Stored Communications Act

Defendants contend that JT Legal has no evidence to support its claim that Defendants violated the Stored Communications Act, 18 U.S.C. § 2701. (TMSJ 6; VMSJ 10–11.) Defendants are correct—JT Legal has affirmatively abandoned this claim. (*See* Opp'n 3.) JT Legal did not file an opposition to Tinti and Kashani's MSJ. And in its opposition to Vega and Kashani Law's MSJ, JT Legal asserts that the FAC "should have never included" the federal claim. (*See id.* (explaining that the federal claim was asserted in error due to miscommunication between JT Legal and its counsel).) To be clear, JT Legal states unequivocally in its opposition that it "believes this [C]ourt should grant Defendants' [Motions] to the extent there are federal claims." (*Id.*)

In light of JT Legal's non-opposition and its affirmative request for entry of summary judgment in Defendants' favor on this claim, the Court **GRANTS** Defendants' Motions to the extent they seek judgment on the claim for violation of the Stored Communications Act.

**B.     Remand**

JT Legal claims that it never intended to state a federal claim and wanted to dismiss the claim earlier in the proceeding; however, Defendants would not stipulate to a voluntary dismissal. (*See id.*) JT Legal requests that the Court remand the remaining state law claims to state court. Defendants oppose the request. (Reply 7–9.)

A district court "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors [judicial economy, convenience, fairness, and comity] . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.").

JT Legal initiated this action in state court, and the sole basis for Defendants' removal was federal question jurisdiction based on the Stored Communications Act. (*See* NOR 2.) The Court has dismissed that claim; thus, federal question jurisdiction no longer exists. Further, diversity jurisdiction is not available, as JT Legal and Defendants are citizens of California. (*See* FAC ¶¶ 5–16.)

After carefully considering the *Carnegie-Mellon* factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. The *Carnegie-Mellon* factors, particularly comity and the economic use of federal court resources, favor litigation of this state-law matter in state court rather than federal court.

Accordingly, the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Defendants' Motions for Summary Judgment with respect to JT Legal's claim for violation of the Stored Communication Act. (ECF Nos. 49, 52.) The Court **DENIES as moot** the remainder of Defendants' Motions. The Court **REMANDS** this action to the Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, California 90012, Case Number 19STCV43351. The Court will issue judgment.

**IT IS SO ORDERED.**

June 30, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**